**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH FELKER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11-cv-4876 |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| ROBERT DE GASSO, Star 12506, and | ) | Jury Demand |
| BHAKTI DASI, Star 7809, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.      Plaintiff is a resident of Chicago.

5.      Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.      The Defendant-Officers are sued in their individual capacities.

7.      Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8.      On or about July 22, 2010, at approximately 3:00 a.m., Plaintiff was with a few friends in a garage located at 11137 South Trumbull Avenue in Chicago.

9.      Upon information and belief, the police were called in regards to noise Plaintiff and his friends were making while in the garage.

10.     Defendants DE GASSO and DASI responded to the call.

11.     Upon arriving on the scene, DE GASSO and DASI entered the garage.

12.     DE GASSO and DASI ordered Plaintiff and the others in the garage to produce their identification.

13.     Two people in the garage went outside and dumped out their beer.

14.     The two people that went outside to dump out their beer left the scene.

15.     DE GASSO told Plaintiff and two others in the garage that they are all going to jail if they do not get the other two people back.

16.     DE GASSO and DASI then handcuffed Plaintiff and the other two individuals.

17.     Plaintiff told DE GASSO that he had no reason to take Plaintiff to jail.

18.     Plaintiff told DE GASSO that he is 21 and did nothing wrong.

19.     DE GASSO violently grabbed Plaintiff's arms.

20.     Plaintiff told DE GASSO not to touch him.

21.     DE GASSO pushed Plaintiff onto a table and choked Plaintiff.

22.     DE GASSO then threw Plaintiff into a wall and again choked him.

23.     DASI stood with the other two individuals in the garage and watched DE GASSO but did nothing to stop DE GASSO from beating Plaintiff.

24.     After choking Plaintiff, DE GASSO threw Plaintiff into the garage door.

25.     Plaintiff's face hit the garage door and split open.

26.     An ambulance was called to the scene.

27.     Plaintiff was transported to Little Company of Mary Hospital.

28.     Plaintiff received multiple stitches in his face.

29.     After receiving medical attention, Plaintiff was transported to 22nd District police station.

30.     Plaintiff was charged with battery to DE GASSO. The case was docketed in the Cook County Circuit Court as: People v. Felker, 10-M1-239842.

31.     Defendant-Officers made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up their own misconduct.

32.     At trial, DE GASSO and DASI falsely testified that Plaintiff had attacked DE GASSO.

33.     On May 25, 2011, Judge James Ryan found Plaintiff not guilty of battery.

34.     Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

35.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, physical pain and suffering, emotional distress and pecuniary damages including medical expenses, attorneys' fees, monies posted for bond, and lost wages.


## COUNT I
### (42 U.S.C. § 1983 – False Arrest)

36.     Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

37.     Defendant-Officers placed Plaintiff under arrest.

38.     Defendant-Officers did not have an arrest warrant, probable cause, or any other legal justification to arrest Plaintiff.

39.     The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officers,

b)     Award Plaintiff compensatory and punitive damages,

c)     Award attorneys' fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

3

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

40.     Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

41.     Defendant-Officer DE GASSO violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant DE GASSO,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

42.     Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

43.     While Plaintiff was subjected to excessive force as described above, Defendant-Officer DASI had an opportunity to intervene, but chose not to intervene.

44.     Defendant DASI was deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant DASI,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law Claim for Malicious Prosecution)

45.     Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein.

46.     Defendant-Officer DE GASSO instituted charges against Plaintiff for batter.

47.     There was not probable cause for such charges.

48.     The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant DE GASSO,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.


## COUNT V
### (State Law *Respondeat Superior* Claim)

49.     The acts of the Defendant-Officer DE GASSO described in the above state-law claim for malicious prosecution was willful and wanton, and committed in the scope of employment.

50.     Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.


## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

51.     The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

52.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY

OF CHICAGO is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Louis J. Meyer
Meyer & Kiss, LLC
53 West Jackson Blvd., Suite 856
Chicago, Illinois 60604
(312) 765-0100